UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROLETTE MEADOWS,

       Plaintiff,

  v.

ERIE COUNTY DEPARTMENT OF
SOCIAL SERVICES, *et al.*,

       Defendants.

23-CV-920-LJV
ORDER

---

     The *pro se* plaintiff, Carolette Meadows, has filed a complaint asserting claims under 42 U.S.C. § 1983.  Docket Item 1.  She also has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because she cannot afford it) and has filed the required affidavit.  Docket Item 2.  And Meadows has moved for service by the United States Marshals ("Marshals"), Docket Item 3; to amend her complaint, Docket Item 4; and "to join this Docket to class action Docket 1:24cv01263 in the Eastern Dist[rict of New York] [sic]," Docket Item 6.

     Because Meadows meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 2, the Court grants her motion to proceed *in forma pauperis*.  The Court also grants Meadows's motion to amend her complaint, Docket Item 4, and therefore defers screening this action under 28 U.S.C. § 1915(e)(2).[1]  Meadows may file an

---

[1] Meadows's motion for service by the Marshals, Docket Item 3, therefore is denied as moot:  Under Local Rule of Civil Procedure 4(b), the Marshals shall serve the complaint when a *pro se* plaintiff is "authorized to proceed *in forma pauperis*."  Loc. R. Civ. P. 4(b).  If Meadows's claims survive screening under section 1915(e)(2), this Court will order the Marshals to serve the amended complaint.  Meadows does not need to take any further action regarding service by the Marshals.

amended complaint **within 45 days of the date of this order**.  Meadows is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect."  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

Finally, Meadows has moved to "join" this case to a case in the Eastern District of New York, *Gould v. The City of New York*, Case No. 24-cv-1263 (E.D.N.Y. Feb. 20, 2024), because both cases allegedly involve the "abuse and overreach" of New York State's Department of Child Protective Services.  Docket Item 6.  Meadows's motion to intervene in *Gould* is pending before the Eastern District.  *Gould*, Case No. 24-cv-1263, Docket Item 23 (E.D.N.Y. Feb. 29, 2024).  In light of that motion, and because this Court lacks the power to allow Meadows to intervene in another District's case, Meadows's motion to join the cases is denied without prejudice.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Meadows's motion to proceed *in forma pauperis*, Docket Item 2, is GRANTED; and it is further

ORDERED that Meadows's motion for service by the Marshals, Docket Item 3, is DENIED without prejudice as moot; and it is further

ORDERED that Meadows's motion to amend the complaint, Docket Item 4, is GRANTED.  Meadows may file an amended complaint **within 45 days of the date of this order**; and it is further

ORDERED that Meadows's motion to "join," Docket Item 6, is DENIED without prejudice.

SO ORDERED.

Dated:  May 22, 2024
        Buffalo, New York

                                      /s/ Lawrence J. Vilardo
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE